IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASON A EVANS, II, ) | CASE NO. 1:14 CV 2196 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| RICHARD MARACZ, *et al.*, ) | |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Jason A. Evans, III filed the above-captioned action under 42 U.S.C. § 1983 against the Maple Heights Police Chief Richard Maracz, Maple Heights Police Detective Jeff Canter, and Maple Heights Police Sergeant Dennis Bruening. In the Complaint, Plaintiff asserts he has a constitutional right to file criminal charges against the people who assaulted him. He asks this Court to compel the Maple Heights Police Department to file a criminal complaint. He clarifies that he is not seeking monetary damages.

**Factual and Procedural Background**

Plaintiff's Complaint is very brief. He was arrested on November 25, 2012 by the Maple Heights Police Department. He contends he was assaulted by more than forty people. Cuyahoga County Court of Common Pleas dockets indicate he was indicted on charges of aggravated murder,

murder, two counts of felonious assault and aggravated burglary.[1] Those charges are still pending. Plaintiff indicates he sent a letter to the Maple Heights Police Department on July 2, 2013 asking that they send a representative to the Cuyahoga County Jail so he could file a criminal complaint against the people who assaulted him. The Police Department did not grant his request. He claims he has a constitutional right to file these criminal complaints and asks this Court to compel the Maple Heights Police Department to file criminal charges.

In addition, although no claim appears to be asserted with respect to the allegations, Plaintiff also states he was denied medical care after his arrest and was not provided with an attorney during questioning. He indicates he had "numerous and visible head wounds and complained of being in serious and severe pain" but was denied immediate medical attention. He further alleges he informed Sergeant Bruening during an interrogation that he had nothing to say and desired a telephone call and appointment of counsel. He contends he was denied both. He, however, indicates he is not seeking monetary relief from the Defendants, and does not seek injunctive relief relevant to these allegations.

## Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d

---

[1] Cuyahoga County Court of Common Pleas dockets can be viewed at: http://cpdocket.cp.cuyahogacounty.us/

194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

### Discussion

Plaintiff contends he has a constitutional right to file criminal charges against the individuals who allegedly assaulted him in 2012. There is, however, no such right protected by the United States Constitution. The benefit that a third party may receive from having someone else arrested for a crime does not trigger protections under the Due Process Clause, neither in its procedural nor in its substantive manifestations. *Howard ex rel. Estate of Howard v. Bayes*, 457 F.3d 568, 575 (6th Cir. 2006). *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). This Court has no legal

authority to order the Maple Heights Police Department to bring state criminal charges in the Ohio courts against any individual for violations of state law.

Furthermore, although Plaintiff mentions denial of medical care at the time of his arrest and denial of a telephone call and an attorney during questioning, he has not requested relief which the Court can grant with respect to any claim or claims he may be asserting. Plaintiff specifically states he is not seeking monetary damages. These events occurred in the past and therefore injunctive relief would not appear to be appropriate. Plaintiff therefore does not seek relief pertaining to these allegations. Article III of the United States Constitution restricts this Court's jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. Under Article III, Courts are required to "avoid issuing advisory opinions." *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir. 1995). That is, a Court's judgment "must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). Because Plaintiff does not seek relief pertaining to these allegations, any decision the Court would render on any potential claims he asserts would be advisory at best. The Court will refrain from issuing an advisory opinion in this instance.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not
> (continued...)

IT IS SO ORDERED.

                                             */s/ Donald C. Nugent*
                                             DONALD C. NUGENT
                                             UNITED STATES DISTRICT JUDGE

Dated: April 21, 2015

---

[2](...continued)
        taken in good faith.